LUCILLE R. PIERCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pierce v. Commissioner
Docket No. 21420-91
United States Tax Court
T.C. Memo 1993-175; 1993 Tax Ct. Memo LEXIS 178; 65 T.C.M. (CCH) 2455; April 20, 1993, Filed *178 Lucille R. Pierce, pro se. For respondent: Michael A. Urbanos. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent, by means of a statutory notice of deficiency, determined income tax deficiencies and additions to tax for petitioner's 1982, 1983, and 1984 taxable years as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661
1982
$ 25,021.32
$ 12,510.32
[1]
$ 6,255.33
1983
2,467.00
1,233.50
[1]
-    1984
28,409.32
14,204.66
[1]
7,102.00
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent, on March 10, 1992, filed a Motion for Entry of Order that Undenied Allegations in Answer to Amended Petition be Deemed Admitted, pursuant to Rule 37(c). The Court notified petitioner *179 of the filing of the motion, and advised her that if she did not file a reply as required by Rule 37(a) and (b), the Court would grant respondent's motion. Petitioner failed to reply and, accordingly, respondent's motion was granted on April 7, 1992. Respondent, in a motion filed January 25, 1993, moved for summary judgment under Rule 121. By Court order dated January 28, 1993, petitioner was permitted to respond or object to respondent's motion for summary judgment. Petitioner, in a letter, requested additional time to respond to the summary judgment motion. The Court granted petitioner additional time, but petitioner failed to make any subsequent response. The facts in support of respondent's motion are derived from affirmative allegations that were deemed admitted under Rule 37(c). Petitioner resided in Crookston, Minnesota, at the time she filed the petition. Facts Deemed Admitted
During the years in issue, petitioner's primary business consisted of coin-operated laundries. Petitioner owned washers and dryers which were placed in residential areas such as apartment complexes. Petitioner collected the money from the washers and dryers in the complex owner's presence *180 and then she wrote the owner a check for 50 percent of the money collected. Petitioner deducted these payments as commission expense on her Federal income tax returns for the years in issue. Therefore, petitioner's gross receipts for the years in issue should be equal to the commission expense deductions multiplied by 2. Petitioner's gross receipts for the years in issue are as follows: Year
Corrected
Reported
Understatement
1982
$ 39,372
$ 33,050
$ 6,322
1983
44,610
35,433
9,177
1984
41,484
31,614
9,870
Petitioner failed to maintain, or submit for examination, complete and adequate books and records of her income-producing activities for the years in issue. Respondent cannot determine petitioner's taxable income, deductions, and other items required to be shown on her Federal income tax returns for the years in issue from the books and records maintained and submitted by petitioner. Respondent used a net worth computation to determine that petitioner had unexplained income of $ 59,072 in 1982 and $ 64,017 in 1984 that she did not report on her returns. Petitioner also failed to report interest income for 1982, 1983, and 1984 in the amounts of $ 7,041.64, *181 $ 13,525.34, and $ 10,779.45, respectively. In 1982, petitioner is allowed an additional $ 10,000 deduction on Schedule C of her return. Petitioner failed to report $ 647 of taxable Social Security in 1984. Petitioner is liable for self-employment tax for 1982 and 1984 in the amounts of $ 3,029 and $ 4,271, respectively. Petitioner's taxable income for the years in issue is as follows: Year
Corrected
Reported
Understatement
1982
$ 64,006.64
$ 1,571.00
$ 62,435.64
1983
17,240.36
(5,461.98)
22,702.34
1984
75,685.16
(9,628.29)
85,313.45
Petitioner's tax liability for the years in issue is as follows: Year
Corrected
Reported
Understatement
1982
$ 25,021.32
0
$ 25,021.32
1983
2,467.00
0
2,467.00
1984
28,409.32
0
28,409.32
During the examination, petitioner tried to hinder respondent's examining agents by providing misleading or incomplete responses to questions. Petitioner's failure to report substantial gross receipts, unexplained additional income, and substantial interest income for the years in issue was fraudulent with the intent to evade tax. Petitioner willfully failed to report income tax liabilities with the intent to evade tax for *182 the years in issue. Discussion
Rule 121(b) provides that a motion for summary judgment shall be granted if the pleadings and admissions show that there is no genuine issue of material fact and that a decision may be rendered as a matter of law. . The moving party bears the burden of proving that there is no genuine issue of material fact. . The facts are viewed in a light most favorable to the nonmoving party. . With respect to the deficiencies and the additions to tax pursuant to section 6661, respondent's determinations are presumed to be correct, and petitioner has the burden to establish that they are incorrect. Rule 142(a); . The factual allegations deemed admitted under Rule 37(c) establish that petitioner had substantial amounts of unreported income from various sources. Since the admitted facts clearly establish there is no genuine issue of material fact *183 with respect to the deficiencies for the years in issue, respondent is entitled to summary judgment on that issue. The admitted facts also establish that petitioner substantially understated her income tax liability for 1982 and 1984; therefore, respondent is entitled to summary judgment for the additions to tax pursuant to section 6661 for those years. With respect to the additions to tax for fraud pursuant to section 6653(b)(1) and (2), respondent bears the burden of proving fraud by clear and convincing evidence. Rule 142(b). Fraud is a question of fact to be resolved upon consideration of the entire record and is never presumed. ; . Respondent's burden is met if it is established that petitioner intended to evade taxes known to be owing or by proving conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. , affg. . Respondent's burden *184 of proving fraud can be met by facts deemed admitted pursuant to Rule 37(c). . Petitioner is deemed to have admitted the following facts: (t) Petitioner's failure to report substantial gross receipts from her coin-operated laundry business in each of the years 1982, 1983, and 1984 was fraudulent with intent to evade tax. (u) Petitioner's failure to report additional income in the years 1982 and 1984, as shown by the increases in her net worth and by her expenditures, was fraudulent with intent to evade tax. (v) Petitioner's failure to report substantial amounts of interest income during 1982, 1983 and 1984 was fraudulent with intent to evade tax. (w) Petitioner willfully failed to report income tax liabilities in the amounts of $ 25,021.32, $ 2,467.00 and $ 28,409.32 for 1982, 1983 and 1984, respectively, with the intent to evade the payment of such tax in each respective year. (x) A part of the underpayment of tax required to be shown on the petitioner's income tax returns for 1982, 1983 and 1984 taxable years is due to fraud.
These deemed admissions satisfy respondent's burden to establish *185 fraud by clear and convincing evidence. . Therefore, respondent is entitled to summary judgment for the additions to tax pursuant to section 6653(b)(1) and (2). In the amended petition, petitioner asserts that the period of assessment had expired for the years in issue prior to the issuance of the notice of deficiency. Under the provisions of section 6501(c)(1), the taxes may be assessed for the years in issue at any time because petitioner filed fraudulent income tax returns with the intent to evade tax. Therefore, the notice of deficiency was timely. Respondent's motion for summary judgment will be granted as to all issues. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. 50 percent of the interest payable with respect to the portion of such underpayment which is attributable to fraud.↩